IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ZETOR NORTH AMERICA, INC.                                              PLAINTIFF

V.                      CASE NO. 3:15-CV-03035

BRENT ROZEBOOM, individually and d/b/a
Ridgeway Enterprises, and as director
of Alberni Enterprises;
GLENDA ROZEBOOM, individually and d/b/a
Ridgeway Enterprises;
RIDGEWAY ENTERPRISES, a private trust company;
ALAN SCOTT PETERSON, individually
and as Executive Trustee of Ridgeway Enterprises;
ANTONIE (a.k.a. Tony) ROZEBOOM;
and ALBERNI ENTERPRISES, a private trust company            DEFENDANTS

## OPINION AND ORDER

Now pending before the Court are a Motion for Leave to File Amended Answer (Doc. 119) and Motion for Leave to File Counterclaim (Doc. 120), submitted by Defendants Brent Rozeboom, Glenda Rozeboom, Ridgeway Enterprises, and Alan Scott Peterson. The Motions were submitted on the deadline to seek leave to amend pleadings, as established in the Court's Case Management Order. *See* Doc. 116. These four Defendants wish to collectively file an amended answer as well as a counterclaim that lists causes of action for declaratory judgment of non-infringement, breach of contract, and abuse of process.

Plaintiff Zetor North America, Inc. opposes both Motions. *See* Docs. 121, 122. It argues that Defendants' primary aim in seeking to file these documents is to improperly "re-insert the terms of the 2009 settlement agreement between the parties into the issues of this case . . . ." (Doc. 121, p. 1). Plaintiff argues that "the Court has already determined the referenced settlement agreement is not material to the issues in this case," so

Defendants cannot rely on any aspect of the settlement agreement in asserting new affirmative defenses and a counterclaim. *Id.*

Previously, the Court ruled on a defense motion to compel arbitration and found that the arbitration clause in the settlement agreement was inapplicable to the instant dispute. *See* Doc. 96. The Court's ruling on arbitration was then appealed, and the Eighth Circuit affirmed the Court's order. *See* Doc. 111-1. Plaintiff now believes it is "law of the case" that *all* of the terms of the parties' settlement agreement are inapplicable to the instant action—not just the arbitration clause. After considering Plaintiff's argument, as well as Defendants' Replies (Docs. 127, 128), the Court finds that Plaintiff is mistaken, and the Court's order on arbitration was not intended to have such a sweeping effect.

The Amended Complaint (Doc. 21) does not include any claims against Defendants that arise from the 2009 settlement agreement. Plaintiff does not, for example, accuse Defendants of breaching the settlement agreement. For this reason, the Court noted in its arbitration order that the agreement was "immaterial" *to the claims asserted by Plaintiff*. *See* Doc. 96, p. 7 (emphasis added). The Court also observed, however, that the settlement agreement set forth certain limited circumstances in which Defendants would be legally permitted to use the Zetor mark. *See id.* at 4. It appears that Defendants now seek to argue in the case at bar that their use of the Zetor mark after the settlement agreement was signed was entirely legal and fell under one of the designated exceptions.[1]

The Eighth Circuit has previously held that a district court enjoys broad discretion to permit a party to file an amended pleading, and that the denial of a motion for leave to

---

[1] The Court expresses no opinion or endorsement as to the merits of this argument.

amend is ordinarily predicated on "a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). Here, the Court finds that Defendants' request for leave to amend their answer and file a counterclaim was timely filed and does not appear to be futile.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to File Amended Answer (Doc. 119) and Motion for Leave to File Counterclaim (Doc. 120) are **GRANTED**. Defendants are **DIRECTED** to immediately file the proposed amended answer and counterclaim, which were attached to the Motions.

**IT IS SO ORDERED** on this 11th day of December, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE