# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is executed this ___ day of February 2009, by and among Zetor Trade, s.r.o., HTC Holding, a.s., and Zetor North America, Inc. ("Zetor"), Ridgeway Enterprises, a Private Company Trust and Brent and Glenda Rozeboom, in their individual capacities and as managers of Ridgeway Enterprises ("Ridgeway"). The signatories to this Agreement are referred to jointly as the "Parties" and are each sometimes referred to individually as a "Party."

### PREAMBLE

**WHEREAS**, Zetor owns and used the trademark ZETOR and various derivatives in the United States, Europe and numerous other countries at least as early as 1946 in connection with heavy equipment including tractors and with replacement parts for such equipment (ZETOR mark);

**WHEREAS**, Ridgeway sells parts that may be suitable for use with certain tractors manufactured by Zetor;

**WHEREAS**, Ridgeway acknowledges the validity of the mark ZETOR (U.S. Registration No. 1538094), which has been registered on the Principal Register of the United States Patent & Trademark Office for almost twenty years;

**WHEREAS**, Ridgeway acknowledges that only Zetor and its authorized resellers and licensees may use the Zetor Mark in advertising, promotional, and sales materials;

**WHEREAS**, Brooks-Jeffrey Marketing, Inc. owns the internet domain name "zetorusa.com" (the "Zetor Domain") and Ridgeway used said domain name under the terms of an agreement;

**WHEREAS**, Zetor has made certain claims and demands of Rideway related to, *inter alia*, trademark infringement in a letter dated September 10, 2008 (Exhibit A); and

**WHEREAS**, the Parties wish to settle their disputes by entering into agreements in accordance with the terms and conditions set forth below.

**NOW, THEREFORE**, for good and valuable consideration, including, without limitation, the releases and mutual promises contained herein, the receipt of which is hereby acknowledged, the Parties agree as follows:

**1. EFFECTIVE DATE.**
The "Effective Date" of this Agreement shall be October 15, 2008.

## 2. RIDGEWAY'S OBLIGATIONS.

Ridgeway acknowledges and agrees that:

2.1. Ridgeway shall permanently cease and desist the use of the ZETOR Mark, except as provided herein.

2.2 Rideway may use word "Zetor" in a descriptive phrase only in promotional/advertising materials (printed or otherwise) to describe that a Ridgeway product is compatible with a referenced Zetor product or technology, provided Ridgeway can comply with the following requirements:

    a. The Zetor word mark is not part of the advertised product name.
    b. The Zetor word mark is used in a descriptive phrase such as "fits," "for use with," "for," or "compatible with."
    c. The Zetor word mark appears less prominent than the product name.
    d. The product is in fact compatible with, or otherwise works with, the referenced Zetor product.
    e. The reference to Zetor does not create a sense of endorsement, sponsorship, or false association with Zetor or Zetor products or services.
    f. The use does not show Zetor or its products in a false or derogatory light.

2.3. Ridgeway shall assign, convey and deliver to Zetor, all of its right, title and interest in and to the Zetor Domain, free and clear of any Liens. The Domain Name Transfer Agreement attached hereto as Exhibit B is to be executed and delivered to Zetor as part of this agreement.

2.4. Ridgeway shall not purchase or acquire ad words or meta tags the term "Zetor" except as permitted in paragraph 2.2.

2.5 Ridgeway shall not use any name, mark, or other indicator of source that is confusingly similar to the Zetor mark.

2.6 Ridgeway shall immediately stop promoting and advertising that Ridgeway sells "Zetor original equipment manufacturer parts" or "Zetor OEM parts" or similar phrases.

## 3. ZETOR RELEASE.

Zetor specifically releases, waives, and forever discharges the Rozebooms and Ridgeway and its officers, directors, beneficiaries and successors in interest and its past, present and future assigns from any and all past claims, demands, actions, liabilities and causes of actions, of every kind and character, whether asserted or unasserted, whether known or unknown, suspected or unsuspected, in law or in equity, for or by reason of any matter, cause or thing whatsoever, arising from the acts described in or the claims asserted in Exhibit A that occurred prior to the effective date of this Agreement.

## 4. RIDGEWAY RELEASE.

Ridgeway specifically releases, waives, and forever discharges Zetor, its successors in interest, its past, present and future assigns, officers and directors, subsidiaries and affiliates from any and all past claims, demands, actions, liabilities and causes of actions, of every kind and

character, whether asserted or unasserted, whether known or unknown, suspected or unsuspected, in law or in equity, for or by reason of any matter, cause or thing whatsoever that occurred prior to the effective date of this Agreement.

### 5. INTERPRETATION OF AGREEMENT.

This Agreement, and each of its provisions, has been reached as the result of negotiations between the Parties and their respective attorneys. Each of the Parties expressly acknowledges and agrees that this Settlement Agreement shall not be deemed to have been prepared by, or drafted by, any particular Party or Parties hereto, and that the normal rule of construction, to the effect that any ambiguities are to be resolved against the drafting party or parties, shall not be employed in the interpretation of this Settlement Agreement.

### 6. JURISDICTION AND DISPUTES.

All disputes under this Agreement shall be resolved by Mediation/Arbitration in Atlanta, Georgia as provided in Paragraph 9.

**7. GOOD FAITH.** The parties shall attempt in good faith to resolve any controversy arising out of or relating to this Agreement promptly by negotiations between authorized representatives of the parties begun by written notice from one party to the other.

**8. MEDIATION.** In the event that a controversy has not been resolved within thirty days of the date of written notice thereof under subsection 1, either party may initiate mediation of the controversy or claim in accordance with American Arbitration Association or may proceed directly to arbitration as provided herein.

**9. ARBITRATION.** If the matter has not been resolved pursuant to the aforesaid mediation procedure within sixty days of the initiation of such procedure, or if either party refuses to participate in a mediation, the controversy shall be settled by arbitration in Atlanta, Georgia as follows: either party may initiate such arbitration by delivery of notice to the other setting forth the matter to be determined and naming one arbitrator. The other party, within ten (10) days after such delivery, shall name a second arbitrator and deliver notice thereof to the initiating party. The two (2) arbitrators shall meet promptly and try to resolve the matter, and their written decision shall be final and binding on the parties. If such arbitrators shall fail to reach a decision within thirty (30) days after the appointment of the second arbitrator, such arbitrators shall name a third arbitrator within the succeeding period of five (5) days. The three (3) arbitrators promptly shall meet thereafter for consideration of the matter to be determined, and the written decision of any two (2) arbitrators shall be final and binding on the parties. In the event that the party not initiating the arbitration proceeding fails to appoint a second arbitrator, and/or in the event that two (2) arbitrators appointed are unable to agree upon the appointment of a third arbitrator within the prescribed time, a court of general jurisdiction in Atlanta, Georgia, each party may be represented by counsel may, within the prescribed time, appoint such second and/or third arbitrator, as the case may be, and the arbitration shall proceed pursuant to this Section. All arbitrators shall be individuals with at least five (5) years substantial experience in negotiating commercial disputes and/or with the particular matter subject to arbitration, as appropriate. Arbitration shall be conducted pursuant to the rules then in effect of the American Arbitration Association and the decision of the arbitrators may be entered and enforced as a judgment in accordance with the applicable laws of the State of Georgia applying federal Trademark law. Each party shall bear its own attorney fees and expenses and those of the arbitrator it selects. The

fees and expenses of the third arbitrator and the arbitration hearing shall be shared equally. The arbitrators are not empowered to award damages in excess of actual, compensatory damages.

### 10. AGREEMENT BINDING ON SUCCESSORS

The provisions of this Agreement shall be binding on and shall inure to the benefit of the parties hereto, and their heirs, administrators, successors and assigns.

### 11. WAIVER

No waiver by either party of any default shall be deemed as a waiver of prior or subsequent default of the same or other provisions of this Agreement.

### 12. SEVERABILITY

If any term, clause, or provision hereof is held invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the validity or operation of any other term, clause or provision and such invalid term, clause or provision shall be deemed to be severed from the Agreement.

### 13. INTEGRATION

This Agreement constitutes the entire understanding of the parties, and revokes and supersedes all prior agreements between the parties, and is intended as a final expression of their Agreement. It shall not be modified or amended except in writing signed by the parties hereto and specifically referring to this Agreement. This Agreement shall take precedence over any other documents which may be in conflict with said Agreement.

### 14. VOLUNTARY CONSENT.

This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto. The Parties acknowledge that:

    15.1. They have read this Settlement Agreement.
    15.2 They have been represented in the preparation, negotiation, and execution of this Settlement Agreement by legal counsel of their own choice.
    15.3 They understand the terms and consequences of this Settlement Agreement and of the Agreements it contains.
    15.4 They are fully aware of the legal and binding effect of this Settlement Agreement.

### 15. COUNTERPARTS

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement, it being understood that all of the Parties need not sign the same counterpart. In the execution of this Agreement, facsimile or scanned and emailed manual signatures shall be fully effective for all purposes.

IN WITNESS WHEREOF, the Parties have caused their duly authorized officers to execute this Agreement as of the date indicated above.

For and on behalf of
Zetor Trade, s.r.o.
HTC Holding a.s.

By: _____   Date: 06/03/09

Name: Mihal Cacy

Title: Secretary

Zetor North America, Inc.

By: _____   Date: 04/23/09

Name: Vladimir Bliskovii

Title: president

For and on behalf of Ridgeway Enterprises, (Private Company Trust)

By: _____   Date: _____

Name: _____

Title: _____

**Brent Rozeboom**

By: _____   Date: _____

**Glenda Rozeboom**

By: _____   Date: _____

IN WITNESS WHEREOF, the Parties have caused their duly authorized officers to execute this Agreement as of the date indicated above.

**For and on behalf of**
**Zetor Trade, s.r.o.**
**HTC Holding a.s.**

By: _____  Date: _____

Name: _____

Title: _____


**Zetor North America, Inc.**

By: _____  Date: _____

Name: _____

Title: _____


**For and on behalf of Ridgeway Enterprises, (Private Company Trust)**

By: _Brent Rozeboom_   Date: _2-26-09_

Name: _Brent Rozeboom   General Manager_

Title: _General Manager_


**Brent Rozeboom**

By: _Brent Rozeboom_   Date: _2-26-09_

**Glenda Rozeboom**

By: _Glenda Rozeboom_   Date: _2-26-09_