IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ZETOR NORTH AMERICA, INC. and
HTC INVESTMENTS, INC.                                          PLAINTIFFS

V.                      CASE NO. 3:15-CV-03035

BRENT ROZEBOOM, individually and d/b/a
Ridgeway Enterprises, and as director
of Alberni Enterprises;
GLENDA ROZEBOOM, individually and d/b/a
Ridgeway Enterprises;
RIDGEWAY ENTERPRISES, a private trust company;
ALAN SCOTT PETERSON, individually
and as Executive Trustee of Ridgeway Enterprises;
ANTONIE (a.k.a. Tony) ROZEBOOM;
and ALBERNI ENTERPRISES, a private trust company    DEFENDANTS

## OPINION AND ORDER

Now pending before the Court are a Motion for Reconsideration (Doc. 189) by Defendants Brent Rozeboom, Glenda Rozeboom, Alan Scott Peterson, and Ridgeway Enterprises (collectively, "the Ridgeway Defendants") and a Response in Opposition (Doc. 194) by Plaintiffs Zetor North America, Inc. ("Zetor NA") and HTC Investments, Inc. ("HTC"). The Ridgeway Defendants request that the Court reconsider its decision to allow HTC, the owner of the trademark at issue in the lawsuit, to be added to the case as a plaintiff for the purpose of curing the standing problem present in Counts I and II. This decision was made in the context of the Court's issuance of its Memorandum Opinion and Order ("Order") (Doc. 187), filed on August 14, 2018, which disposed of two motions for summary judgment, a motion to dismiss, and a motion in limine.[1]

---

[1] As best the Court can tell, the Motion does not request reconsideration of any other decision made by the Court, and instead confines itself only to the subject of the Ridgeway

The Order explained in detail why Zetor NA lacked both statutory and contractual standing to sue for trademark infringement under the Lanham Act. The Court then found that dismissing the infringement claims without prejudice after three years of litigation and on the eve of trial "would serve no constructive purpose and would only protract the litigation further." *Id.* at 23. So the Court directed Zetor NA to file an amended complaint that added HTC as a plaintiff but did not add any other factual allegations, claims, or causes of action. *Id.* In coming to the conclusion that adding HTC as a nominal party was far preferable to dismissing the trademark claims without prejudice, the Court considered whether the Ridgeway Defendants would suffer any potential prejudice as a result of this decision. The only argument the Ridgeway Defendants offered in opposition to adding HTC was that they would "not have the opportunity to depose anyone from HTC or Zetor a.s. before the trial of this matter or otherwise conduct discovery with respect to these entities." (Doc. 185, p. 5). Tellingly, the Ridgeway Defendants failed to mention any particular areas of discovery that they wished to obtain from HTC, if given the opportunity to do so at this late stage. Further, they offered no reasonable explanation as to why they apparently failed to take such discovery during the three years this litigation was pending, particularly in light of the fact that HTC was identified as the owner of the trademark at least as early as June 1, 2015, when the case was first filed.

The Court ultimately decided in its Order that the Ridgeway Defendants' claim of prejudice was meritless and ordered HTC to be joined. Now the Ridgeway Defendants

---

Defendants' alleged prejudice resulting from HTC's joinder as a plaintiff.

contend that this decision relied on certain material mistakes of fact, and if the Court were to reconsider those facts, it would come to the opposite conclusion and find that the Ridgeway Defendants would, indeed, suffer prejudice through the joinder of HTC.

As is discussed below, the Court finds that none of the Ridgeway Defendants' arguments in favor of reconsideration are persuasive. Before considering the particular "mistakes" highlighted by the Ridgeway Defendants in their Motion, the Court notes that a motion for reconsideration of a court order may be made pursuant to Federal Rule of Civil Procedure 60(b), which provides that a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Of course, not every "mistake" will justify amending the order or granting the particular relief requested by the moving party.

The Court's first observation is an overarching one that was made in its Order but omitted from Defendants' Motion: that the standing argument *should have been raised sooner* by Defendants, and not on summary judgment three years after the lawsuit began. In particular, when the Court confronted Defendants' Rule 19 argument in the context of their Rule 56 motion, the Court explained:

> Rule 19 arguments are ordinarily asserted in the context of a Rule 12(b)(7) motion to dismiss, and the Ridgeway Defendants failed to make such a motion or make a failure-to-join claim as an affirmative defense to the Amended Complaint in either their original answer (Doc. 27) or their Amended Answer (Doc. 136). In their Motion for Summary Judgment, they do not suggest that joinder of HTC is somehow infeasible due to the proposed joined party's objection to venue, or because joinder would rob the Court of jurisdiction. In general, when a necessary party is identified by the court, the ordinary remedy is to dismiss the matter *without prejudice* and afford the plaintiff an opportunity to file an amended complaint to

3

> include the necessary party. *See* Fed. R. Civ. P. 19(a) ("If a person has not been joined as required, the court must order that the person be made a party."); *Sladek v. Bell Sys. Mgmt. Pension Plan*, 880 F.2d 972, 980 (7th Cir. 1989) ("The dismissal of a complaint for failure to join an indispensable party is entirely appropriate under Rule 12(b)(7), but dismissal *with prejudice* should ordinarily result only after the court has ordered the party joined and the plaintiff has failed to do so." (emphasis in original)).

(Doc. 187, p. 22).

Of course, prior to the Ridgeway Defendants' motion for summary judgment, the Court had not been asked to review the underlying contractual documents that disclosed the nature of HTC's right to enforce the mark, and the Court had assumed up until that point that Zetor NA had standing to sue on HTC's behalf or in its own right as assignee of the mark. Although the Ridgeway Defendants in their current Motion protest that the Court has wrongly characterized their discovery efforts, they admit that they only obtained copies of the relevant contractual documents on May 11, 2018—just three weeks prior to the dispositive motion deadline and just two months before the originally-scheduled trial date of July 23, 2018. *See* Doc. 189, pp. 4-5. They offer no explanation as to why they obtained and reviewed the documents so late in the litigation, and they must, of course, concede that they never alerted the Court as to any concerns regarding Plaintiff's timely production of documents.

Moving on to the mistakes of fact the Ridgeway Defendants identify in the Motion, the first is the issue of the identity of the author of an affidavit (Doc. 176-1) that Zetor NA submitted as an exhibit in support of its response to summary judgment. The author of the affidavit was Martin Blaskovic, who self-identified as the Chairman of the Board of Directors of both HTC and Zetor Tractors. The Court in its Order pointed out

4

that Defendants' prejudice argument was somewhat undercut by the fact that they took at least *some* discovery of HTC in the past several years, as it appeared that they had taken Mr. Blaskovic's deposition. It turns out that there are two Mr. Blaskovics—Martin Blaskovic and his brother, Vladimir, and the Blaskovic who was deposed was Vladimir, the Rule 30(b)(6) designee for Zetor NA, and not Martin.

Although the Court was apparently mistaken that Defendants deposed Martin Blaskovic, this mistake of fact was not material to the Court's ultimate conclusion that the Ridgeway Defendants would not suffer prejudice if HTC were added as a plaintiff. Frankly, it does not matter one way or the other—for purposes of establishing Defendants' potential prejudice—whether they deposed Martin Blaskovic or any other officer of HTC. The point is simply that HTC was an entity well-known to Defendants as (1) the parent company of Zetor NA and (2) the owner of the trademark at the center of this lawsuit. The Ridgeway Defendants had the opportunity to take all the discovery they wished from HTC or even to file a third party complaint against HTC if they suspected the company of wrongdoing. Instead, the Ridgeway Defendants deposed only Vladimir Blaskovic and not Martin, and they decided against filing any affirmative lawsuit against HTC. Although Defendants may regret these decisions now, their regrets cannot support a claim of prejudice.

Any mistake the Court might have made as to which Mr. Blaskovic was actually deposed is particularly irrelevant in light of the fact that Vladimir Blaskovic—whom the Ridgeway Defendants *did* depose—is also an officer of HTC. Plaintiffs' counsel avers that Vladimir is "the president of Zetor NA and the vice president and board member of

5

HTC," "is capable of representing both parties at trial," and will be present at trial (Doc. 194, p. 4).

Next, the Ridgeway Defendants suggest that perhaps their 2009 settlement agreement may not have been signed by a legitimate representative of HTC, and the Rozebooms—who were parties to that agreement—may not have "had any insight into HTC's rights in the Zetor mark as compared to the Plaintiff's" at that time. (Doc. 189, p. 5). This argument is just that—an argument—and not a mistake of fact made by the Court. No party has ever suggested before that HTC was not a legitimate signatory to the settlement agreement. The settlement agreement contains a signature above the line labeled "HTC." See Doc. 28-2, p. 5. If the point of this argument is to suggest that the Rozebooms were unclear as to the role HTC played in their settlement agreement back in 2009, this is irrelevant to the issue of HTC's joinder in the lawsuit in 2018. Surely the Rozebooms do not dispute that they were made aware in 2015 of HTC's ownership of the Zetor mark, and surely they do not dispute that they could have explored the issue of HTC's ownership interests in the ensuing three years of litigation.

The Ridgeway Defendants' final argument is, once again, not a reference to a mistake of fact made by the Court. Instead it is a warning of sorts. Defendants inform the Court that if HTC is joined, they may be compelled to file a compulsory counterclaim for civil conspiracy against HTC. And if that happens, the Court will have no choice but to continue the trial to allow for further motion practice and discovery. The Ridgeway Defendants apparently suspect that HTC and its subsidiaries may have conspired "to cut off Ridgeway's supply of tractor parts from the Czech Republic." (Doc. 189, p. 7).

Even if this civil conspiracy claim could be plausibly stated in compliance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the mere possibility that trial could be delayed is not a valid reason to reconsider the Order. Further, and without prejudging any future request to file an amended counterclaim, it is curious that the Ridgeway Defendants could so easily articulate the basis for this claim in their Motion, yet at the same time justify their failure to take discovery on it over the last three years.

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration (Doc. 189) is **DENIED**.

**IT IS SO ORDERED** on this 23rd day of August, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE